IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FREEDOM SCIENTIFIC, INC.,**

    **Plaintiff,**

v.   Case No. 8:11-cv-1654-T-27EAJ

**OPTELEC U.S., INC.,**

    **Defendant.**
_____/

## AMENDED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

WHEREAS, the parties recognize that pursuant to discovery or otherwise during the course of this action each party, and possibly third-parties, may be required to disclose trade secrets and other confidential information as specifically defined in paragraphs 2(a) and 2(b) *infra,* as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure, the unrestricted disclosure of which would tend to cause injury to the disclosing party;

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information in this action.

    1.    This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this action and designated in accordance with this Order. Any party or third-party disclosing information (hereinafter "disclosing party") may designate information or documents produced, used, or disclosed in connection with this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"

or "HIGHLY CONFIDENTIAL—PROSECUTION BAR and subject to the protections and requirements of this Order, if so designated in writing to each party, by stamping the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL— PROSECUTION BAR on the documents or information prior to production, or orally if recorded as part of a deposition or court record, pursuant to the terms of this Order.

2.  Any disclosing party may designate any document, material, or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL— PROSECUTION BAR. In designating Information and Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR, counsel for a disclosing party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR as defined in Paragraph 2.a., 2.b., or 2.c. of this Order.

   a. "CONFIDENTIAL" means testimony, information, documents, and data which constitute trade secrets or other confidential research, development, business, financial, or marketing information of the disclosing party, the unrestricted disclosure of which would tend to cause injury to the disclosing party. The "CONFIDENTIAL" category shall be invoked by a disclosing party only relative to documents and testimony or categories of documents and testimony that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c), including but not limited to confidential research, development, business, financial, or marketing information, the unrestricted disclosure of which would tend to cause injury to the disclosing party.

b. "HIGHLY CONFIDENTIAL" means testimony, information documents, and data that meet the criteria of "CONFIDENTAL" contained in Paragraph 2.a. of this Order, and that, if disclosed to a business competitor, would tend to damage the disclosing party's competitive position.

c. "HIGHLY CONFIDENTIAL—PROSECUTION BAR" means testimony, information, documents, and data that meet the criteria of "HIGHLY CONFIDENTIAL" contained in paragraph 2.b. of this Order and shall consist only of technical information and shall not be applied to information that is exclusively financial.

3. In the case of a document, a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" shall be accomplished by marking the document with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR." Marking the cover of a multi-page document shall designate all pages of the document confidential, rather than separately marking each page. As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "HIGHLY CONFIDENTIAL—PROSECUTION BAR" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the disclosing party.

4. Notwithstanding any other provision of this Order, the parties shall confer and attempt to agree before any Court trial or hearing on the procedures to be included in a protective order pursuant to which "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL—PROSECUTION BAR" material may be used or introduced into evidence at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each disclosing party producing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" material which may be used or introduced at such trial or hearing. Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon Court approval. Absent agreement among the parties, any party upon reasonable notice to the disclosing party producing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" material which may be used or introduced at such trial or hearing may move the Court to issue an order governing the use of such information at a trial or hearing. Unless all parties agree otherwise in advance, information conveyed or discussed in testimony at a deposition shall be subject to this Order and shall initially be designated "HIGHLY CONFIDENTIAL—PROSECUTION BAR" at the time the testimony is given. During such time as any information or documents designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "HIGHLY CONFIDENTIAL—PROSECUTION BAR" for a period of time not to exceed 30 days after the party receives a copy of the deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" as appropriate.

If the party fails to designate in writing any portions of the transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" within the 30 day period, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of paragraph 5 below.

    5.    Subject to the provisions of Paragraphs 2 and 3, the failure to object to a designation of information or documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" in accordance with this Order shall not preclude a party at a later time from subsequently objecting to the designation of such information or documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR." A receiving party shall treat all documents as "HIGHLY CONFIDENTIAL—PROSECUTION BAR," no matter how designated, for a period of five (5) business days after said disclosure to permit a disclosing Party who erroneously fails to designate certain information or documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR to cure the error. Thereafter, the parties understand and acknowledge that failure of a party to designate information or documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" relieves the receiving party of obligations of confidentiality until such a designation is made, except as otherwise provided herein.

    6.    A party that objects to the designation of any document or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" shall provide written notice of the objection to the designating party. The notice shall state with specificity the document objected to and the basis for the objection. If

the dispute cannot be resolved, the objecting party may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting party, the designating party shall bear the burden of establishing the confidentiality of the document(s) in question. No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter. Each Party to this litigation additionally acknowledges that nothing in this Order shall prevent interested members of the public from challenging the propriety of a "CONFIDENTIAL" information, "HIGHLY CONFIDENTIAL" information or a "HIGHLY CONFIDENTIAL—PROSECUTION BAR designation of documents and/or categories of documents by petitioning this Court.

   7. Other than by the disclosing party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with the action and shall not be used in any other manner by a receiving Party. Any such designated information or documents shall not be disclosed to anyone other than:

   a. the Court and court personnel;

   b. court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

   c. outside counsel for the parties and outside counsel's employees;

   d. in-house counsel and no more than two employees of a Party who require the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions and who have executed a Declaration in the form and scope of Exhibit A attached hereto;

e.  experts, investigators, outside counsel retained by the parties for purposes of this matter whose attorneys have not filed any appearances in this case ("Non-Appearing Outside Counsel"), translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than those identified in paragraphs 7(a), 7(b), and 7(c) above is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 9 shall be followed;

f.  persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying;

g.  such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in this action to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "f", unless the person otherwise qualifies for access to such documents pursuant to this Order.

8.  Other than by the disclosing party, any information or document designated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" shall be used solely in connection with the action and shall not be used in any other manner by a

receiving party. Any such designated information or documents shall not be disclosed to anyone other than:

    a.    the Court and court personnel;

    b.    court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

    c.    outside counsel for the parties and outside counsel's employees;

    d.    experts, translators, outside counsel retained by the parties for purposes of this matter whose attorneys have not filed any appearances in this case ("Non-Appearing Outside Counsel"), jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than those identified in paragraphs 8.a., 8.b., and 8.c. above is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 9 shall be followed;

    e.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "HIGHLY CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying;

    f.    such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action, provided, however, that before such person is shown or receives any information or document designated as "HIGHLY CONFIDENTIAL," he or she must (1) execute a Declaration in the form and scope of Exhibit A attached hereto or (2) agree orally on the record at a deposition in this action to be bound by the terms of this Order, and further provided that any documents designated as "HIGHLY

CONFIDENTIAL" shall not be left in the possession of the person subject to this subparagraph "f", unless the person qualifies for access to such documents pursuant to this Order.

Notwithstanding the foregoing paragraphs a. through f., absent written consent from the Producing Party, any individual who receives access to HIGHLY CONFIDENTIAL—PROSECUTION BAR information shall not be involved in the prosecution of patents or patent applications relating to electronic Braille devices, including, without limitation, the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("PTO"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending advising, or otherwise affecting the scope or maintenance of patent claims. It includes, for example, original prosecution and reissue proceedings, and also includes reexamination proceedings initiated by, for the benefit of, or on behalf of anyone other than an opposing party in this case. In such reexamination proceedings counsel is prohibited from (1) using the opposing party's confidential information to draft new claims or amend existing claims or for any other purpose during such reexamination process; and (2) directly or indirectly revealing the opposing party's confidential information to any reexamination counsel or agent. This Prosecution Bar shall begin when access to HIGHLY CONFIDENTIAL—PROSECUTION BAR information is first received by the affected individual and shall end two (2) years after final termination of this action, including any appeals

9. The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form and scope of Exhibit A hereto) that have been executed by that party and/or its employees and that party's witnesses, experts, translators, and jury consultants. It shall be sufficient for an expert, investigator, and jury consultant to execute the Declaration on behalf

of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees. Prior to disclosure of any documents or information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" to any experts or Non-Appearing Outside Counsel, a copy of the executed Declaration shall be served upon opposing counsel (and, for experts, with a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with either party, a list of all cases in which such person has been deposed or testified as an expert, and a general statement as to the issues the expert is intended to opine upon attached). Opposing counsel shall make any objections to the disclosure to the expert or Non-Appearing Outside Counsel in writing no later than seven (7) business days from the date of receipt. No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the party that seeks to disclose documents or information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" to an expert or Non-Appearing Outside Counsel. Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

10. All parties shall make reasonable efforts to avoid requesting the filing of any documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" under seal by, for example, redacting or otherwise excluding from a submission to the Court any confidential information not directly pertinent to the submission. Where not reasonably possible, any Party wishing to file a document or paper containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" material may request that material be

filed under seal by motion, consistent with the Local Rules of the United States District Court for Middle District of Florida.

11. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR," and all excerpts therefrom in the possession, custody, or control of parties other than the disclosing party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the disclosing party. Outside Counsel for parties other than the disclosing party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the parties and their counsel shall separately provide written certification to the disclosing party within sixty (60) days after the final disposition of this action that the actions required by the paragraph have been completed.

12. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

13. A party in receipt of documents or information designated as confidential hereunder who is requested or required to disclose the document or information pursuant to any

law, regulation, order, or rule of any governmental authority, shall make reasonable efforts to promptly notify (in writing) the parties, through their counsel, to provide them sufficient time to limit or oppose such disclosure. To the extent possible, and without violating any applicable laws, such notice shall be at least ten (10) business days before such disclosure is required.

14. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

15. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this action.

16. Inadvertent production of documents subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege; provided that the disclosing party notifies the receiving party in writing via email, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be

returned to the disclosing party upon request immediately. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

17. Nothing in the order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A party intending to introduce confidential information or documentation at any hearing or trial in this action will request a sidebar with the Court for a ruling on how the information or documentation is to be treated.

18. Nothing in this Order shall bar or otherwise restrict any qualified attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his examination of information or documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR," provided that no disclosure of the substance of any such information shall be made except to those permitted to access such documents or information in accordance with this Order.

19. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

**IT IS SO ORDERED:**

Date: September 5, 2012

JAMES D. WHITTEMORE
United States District Judge